IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZHI HU, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIP OR UNINCORPORATED ASSOCIATION ON SCHEDULE "A," <br><br> Defendant. | Case No. 1:18-cv-07519 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Zhi Hu ("Plaintiff"), by and through Getech Law LLC, files this complaint against the partnership or unincorporated association identified on Schedule A, attached hereto (named, "Defendant"), and would show as follows:

## PARTIES

1.     Plaintiff, Zhi Hu, is an individual, residing at Guangzhou, Guangdong, China.

2.     On information and belief, Defendant who operates the Internet Store through the Walmart.com online marketplace, identified on Schedule A, is a resident of China.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1051 et eq. and 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arises under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because

1

the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as the Defendant has committed the acts as described herein within this judicial district.

5.      Upon information and belief, the Defendant is subject to this Court's specific and general jurisdiction due to at least their substantial business in the forum, this business includes: (i) at least a portion of the acts complained; (ii) regularly conducting or soliciting business, and/or deriving substantial revenue from goods and services provided to individuals in Illinois and in this Judicial District; and (iii) directly targeting consumers in the United States, including Illinois, through Internet stores operating under the Walmart.com seller account identified in Schedule A attached hereto, including selling, offering for sale, and shipping counterfeit goods, including specifically selling the counterfeit goods ordered on Plaintiff's behalf to a resident of this District.

## BACKGROUND

6.      Since 2015, Zhi Hu has been engaged in the design, distribution, and sale of undergarments and related products.

7.      The LELINTA and SAYFUT brands are high-volume brands serving a cultivated market, and Zhi Hu spends considerable resources marketing and protecting them.

8.      Zhi Hu has registered the LELINTA and SAYFUT trademarks with the United States Patent and Trademark Office ("USPTO"). Zhi Hu uses these trademarks in connection with the marketing of their various under and outerwear products, including the following as registered with the USPTO:

2

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 5,223,837 | *Lelinta* | IC 025:<br><br>For: Clothing extenders for corset, shapewear, T-shirt, bikini, underwear, shorts, socks, underpants. |
| 4,881,066 | SAYFUT | IC 025:<br><br>For: Bodices; Body shapers; Bras; Clothing for babies, toddlers and children, treated with fire and heat retardants, namely, pajamas, jackets, shirts, pants, jumpers; Corsets; Gloves for apparel; Hats; Jackets; Lingerie; Masquerade costumes; Scarfs; Skirts and dresses; Sleepwear; Socks; Swimsuits; Tights; Trousers; Underclothing; Vests; Yoga pants. |

9.    The Above registrations for the Plaintiff show Zhi Hu is the exclusive holder of U.S. Trademark Registration No. 5,223,837 ("LELINTA"), and 4,881,066 ("SAYFUT") with all rights of enforcement. The Registration is valid, subsisting, and in full force and effect. A true and correct copy of the federal trademark registration certificate for the mark is attached hereto as Exhibit A and Exhibit B.

10.    In relation to the Zhi Hu's under and outerwear products, Plaintiff has used the SAYFUT mark continuously in commerce since at least March of 2015, and the LELINTA mark continuously in commerce since at least August of 2015.

11.     Plaintiff files this action to stop online counterfeiters from injuring Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's LELINTA and SAYFUT trademarks.

12.     The LELINTA and SAYFUT trademarks are distinctive and identify the merchandise as goods from the Plaintiff. The registrations for the LELINTA and SAYFUT trademarks constitute prima facie evidence of validity and of Plaintiff's exclusive right to use the trademarks pursuant to 15 U.S.C. § 1057 (b).

13.     The Defendant has created a Walmart.com seller account and designed it to appear to be selling genuine Plaintiff products, while selling counterfeit versions of Plaintiff's products. They share several distinct and unique features such as usage of the trademarked names in the item listings and product descriptions. This establishes a logical relationship between them suggesting that Defendant's illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences.

14.     Defendant is an entity and/or individual who, upon information and belief, resides in the People's Republic of China or other foreign jurisdictions. Defendant conducts business throughout the United States, including within Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces operating under the Walmart brand. Defendant targets the United States, including Illinois, and has offered to sell and, on evidence, has sold and continues to sell counterfeit LELINTA and SAYFUT products to consumers within the United States, including Illinois and in this Judicial District.

15.     The success of the LELINTA and SAYFUT brands have resulted in their counterfeiting. The Plaintiff has identified various products on Walmart.com, including from the Defendant as presented, which were offered, and continue to be offered, for sale, and import.

Defendant counterfeits LELINTA and SAYFUT products and offer them to consumers in this Judicial District and throughout the United States.

16.     Plaintiff has not licensed or authorized any third-part, Defendant included, to use its LELINTA and SAYFUT trademarks, and the Defendant is not an authorized retailer of genuine LELINTA or SAYFUT products.

17.     In addition to operating under multiple fictitious names, Defendant in this case and defendants in other online counterfeiting cases use a variety of methods to evade enforcement efforts including simply registering new online marketplace accounts once they receive notice of a lawsuit and operating multiple credit card merchant accounts to evade collection efforts by Plaintiffs armed with enforceable judgments. Upon information and belief, Defendant maintains off-shore bank accounts and regularly move funds from their online money accounts, in this case the Walmart-partnered Payoneer Inc., to off-shore bank accounts outside the jurisdiction of this Court.

18.     Defendant, without any authorization or license from Plaintiff, has knowingly and willfully used and continues to use the LELINTA and SAYFUT trademarks in connection with the advertisement, distribution, offering for sale, and sale of counterfeit LELINTA and SAYFUT products into the United States and Illinois over the Internet. Defendant's Walmart.com seller account shipped counterfeit products to the United States, including Illinois, and has in fact sold or offered for sale the products during the course of Plaintiff's preliminary investigations.

19.     Defendant's use of the LELINTA and SAYFUT trademark in connection with the advertising, distribution, offering for sale, and sale of counterfeit LELINTA and SAYFUT products, including the sale of counterfeit LELINTA and SAYFUT products into Illinois, is

likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

20.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 19.

21.     This is a trademark infringement action against Defendant based on their unauthorized use in commerce of counterfeit imitations of the registered LELINTA or SAYFUT trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The LELINTA and SAYFUT trademarks are distinctive, registered marks.

22.     Defendant has sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the LELINTA or SAYFUT trademarks without Plaintiff's permission.

23.     Plaintiff is the exclusive owner of the LELINTA and SAYFUT trademarks. The United States Registration for the LELINTA trademark (Exhibit A) and SAYFUT trademark (Exhibit B) are in full force and effect. Upon information and belief, Defendant has knowledge of Plaintiff's rights in the LELINTA and SAYFUT trademarks and are willfully infringing and intentionally using counterfeits of the LELINTA and SAYFUT trademarks. Defendant's willful, intentional and unauthorized use of the LELINTA and SAYFUT trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin of the counterfeit goods.

24.     Defendant's activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

25.     Plaintiff has no adequate remedy at law, and if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill associated with the LELINTA and SAYFUT marks.

26.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit LELINTA and SAYFUT products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

27.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 26.

28.     Defendant's promotion, marketing, offering for sale, and sale of counterfeit LELINTA and SAYFUT products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendant's counterfeit LELINTA and SAYFUT products by Plaintiff.

29.     By using the LELINTA and SAYFUT trademarks in connection with the sale of counterfeit LELINTA and SAYFUT products, Defendant creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the counterfeit LELINTA and SAYFUT products.

30.     Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit LELINTA and SAYFUT products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

31.     Plaintiff has no adequate remedy at law and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of the LELINTA and SAYFUT brands.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS § 510, et seq.)

32.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 31.

33.     Defendant has engaged in acts violating Illinois law including, but not limited to, passing off their counterfeit LELINTA and SAYFUT products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine LELINTA and SAYFUT products, representing that their products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

34.     The foregoing Defendant's acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

35.     Plaintiff has no adequate remedy at law, and Defendant's conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendant's unlawful activities.

## JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.      That Defendant their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily preliminarily, and permanently enjoined and restrained from:

    a.  using the LELINTA or SAYFUT trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine LELINTA or SAYFUT product or is not authorized by Plaintiff to be sold in connection with the LELINTA or SAYFUT trademarks;

    b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine LELINTA or SAYFUT product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the LELINTA and SAYFUT trademarks;

    c.  further infringing the LELINTA and SAYFUT trademarks and damaging Plaintiff's goodwill;

    d.  otherwise competing unfairly with Plaintiff in any manner;

    e.  shipping, delivering, manufacturing, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any

9

manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any Plaintiff trademark, including the LELINTA and SAYFUT trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof;

f. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts or websites, or any other online marketplace account or website that is being used to sell or is the means by which Defendant could continue to sell counterfeit LELINTA or SAYFUT products; and

2. That Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendant has complied with paragraph 1, a through f, above;

3. Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including any online marketplaces and any related Walmart.com entities, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall:

a. disable and cease providing services for any accounts through which Defendant engages in the sale of counterfeit LELINTA or SAYFUT products using the LELINTA or SAYFUT trademarks;

10

    b.   disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of counterfeit LELINTA or SAYFUT products using the LELINTA or SAYFUT trademarks; and

4.    That Defendant accounts for and pays to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the LELINTA or SAYFUT trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

5.    In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the LELINTA or SAYFUT trademarks;

6.    That Plaintiff be awarded its reasonable attorneys' fees and costs; and

7.    Award any and all other relief that this Court deems just and proper.

DATED November 13, 2018           Respectfully submitted,

/s/ Ge (Linda) Lei _____
Ge (Linda) Lei
203 N. LaSalle St., Suite 2100
Chicago, IL 60601
Linda.lei@getechlaw.com
312-888-6633

*ATTORNEY FOR PLAINTIFF Zhi Hu*

11