IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZHI HU,<br><br>    Plaintiff,<br><br> v.<br><br>THE PARTNERSHIP OR<br>UNINCORPORATED ASSOCIATION<br>ON SCHEDULE "A,"<br><br>    Defendant. | Case No. 1:18-cv-07519<br><br>JURY TRIAL DEMANDED<br><br>Honorable Joan Humphrey Lefkow |

## **PRELIMINARY INJUNCTION ORDER**

  Before the Court is Plaintiff Zhi Hu's ("Plaintiff") Motion for Entry of a Preliminary Injunction enjoining the Defendant from manufacturing, importing, distributing, offering for sale, or selling counterfeit LELINTA or SAYFUT products, and for expedited discovery and asset restraint (the "Motion"). The Court, having considered the Motion, and any responses and replies thereto, finds that the Sealed Temporary Restraining Order entered in this matter (Dkt. No. 15) should be converted to a preliminary injunction and remain in place until such time as a final judgment is entered in this matter, and that such is warranted under FED. R. CIV. P. 65. The Court having considered the motion and any responses and replies therefore, finds that Plaintiff's Motion should be GRANTED. The Court therefore orders as follows:

1. Defendant and their officers, affiliates, agents, and employees are hereby enjoined from:

  a. using the LELINTA or SAYFUT trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine

LELINTA or SAYFUT products or is not authorized by Plaintiff to be sold in connection with the LELINTA and SAYFUT trademarks;

b.    passing off, inducing, or enabling others to sell or pass off any product as a genuine LELINTA or SAYFUT products or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the LELINTA or SAYFUT trademarks;

c.    further infringing the LELINTA or SAYFUT trademarks and damaging Plaintiff's goodwill;

d.    otherwise competing unfairly with Plaintiff in any manner;

e.    shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any Plaintiff trademark, including the LELINTA or SAYFUT trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof;

f.    using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts or any other online marketplace account that is being used to sell or is the means by which the Defendant could continue to sell counterfeit LELINTA or SAYFUT products; and

g.    operating and/or hosting any website or marketplace account for or on behalf of Defendant that is involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the LELINTA or SAYFUT trademarks or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine

       LELINTA or SAYFUT products or not authorized by Plaintiff to be sold in connection with the LELINTA or SAYFUT trademarks.

2. Defendant and their officers, affiliates, agents, and employees and any third parties receiving actual notice of this order—including Walmart.com and any payment service providers, including any credit card companies, banks, or payment processors such as Payoneer— shall, within five business days of receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and things currently in their possession, custody, or control related to:

    a. the identities and all contact information related to the Defendant, and any entities having any ownership or control over the Walmart.com marketplace stores operated by the Defendant, ACTIVE ATHLETE INC., and any other Walmart.com accounts under the operation or control of the individuals operating the foregoing Walmart.com accounts;

    b. any marketplace accounts owned, operated, or controlled by the Defendant and their officers, affiliates, agents, and/or employees;

    c. any and all sales made by the marketplace accounts listed in the table below and any and all marketplace accounts identified in response to 2.a. above;

    d. any and all financial accounts owned, operated, or controlled by the Defendant and/or their officers, affiliates, agents, and/or employees used in conjunction with the sale and/or offering for sale in conjunction with the LELINTA or SAYFUT trademarks, including any counterfeit goods and colorable imitations thereof.

3. Defendant and any third parties with actual notice shall, within five business days after receipt of such notice disable any and all accounts and or services used by the Defendant to

market, advertise, sell and/or offer for sale any goods in conjunction with the LELINTA or SAYFUT trademarks, including any counterfeit goods or colorable imitations thereof.

4. Defendant and their officers, affiliates, agents, and employees shall be restrained and enjoined from transferring or disposing of any monies or assets until further ordered by this Court.

5. Any entities with actual notice of this order, including any banks, credit card companies, or payment processing companies such as Payoneer, shall, within two business days of receipt of this order, identify any and all accounts and/or funds associated with the marketplace accounts identifies in the chart above, or in response to 2.a. above, and restrain and enjoin any accounts and/or funds from being transferred or disposed of until further ordered by this Court, including allowing the transfer of any accounts and/or funds overseas.

6. That Plaintiff's bond of $1,000 shall remain with the Court until a final judgment is entered in this matter or until this Preliminary Injunction is terminated.

7. Defendant that is subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff, or on shorter notice as set by this Court.

8. Plaintiff's Amended Complaint (Dkt. No. 7), *Ex Parte* Motion for Entry of a Temporary Restraining Order (Dkt. No. 9), Sealed Temporary Restraining Order (Dkt. No. 15), and all other sealed docket entries and any attachments thereto are hereby unsealed.

*[signature: Joan N. Lefkow]*

U.S. District Court Judge Joan Humphrey Lefkow

Dated: 1/2/2019