IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZHI HU,<br><br>        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIP OR UNINCORPORATED ASSOCIATION ON SCHEDULE "A,"<br><br>        Defendant. | Case No. 1:18-cv-07519<br><br>JURY TRIAL DEMANDED<br><br>Honorable Joan Humphrey Lefkow |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT**

Plaintiff, Zhi Hu ("Plaintiff"), submits the following memorandum in support of its Motion for Entry of Default Judgment under Fed. R. Civ. P. 55(b) against Defendant Active Athlete Inc. ("Defendant").

### I. INTRODUCTION

Plaintiff respectfully requests the Court to enter default judgment against the Defendant pursuant to Fed. R. Civ. P. 55(a), awarding relief to Plaintiff. The Defendant was properly served as per this Court's Order authorizing service by alternative means on December 20, 2018. Despite this, the Defendant failed to answer Plaintiff's Complaint or to otherwise appear in this action, and the Court should now grant default judgment.

### II. STATEMENT OF FACTS

1. Plaintiff is the exclusive licensee of U.S. Trademark Registration Numbers 5,223,837 and 4,881,066 (the "LELINTA and SAYFUT trademarks") with all rights to enforce. The registration is valid, subsisting, and in full force and effect. *See* Amended Complaint at ¶ 8 (Dkt. No. 7).

2. Plaintiff has used the LELINTA and SAYFUT trademarks continuously in commerce since at least June 2015, for use with its automotive products. *See Id.* at ¶ 6.

3. Plaintiff filed this action to stop online counterfeiters from injuring Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's LELINTA and SAYFUT trademarks. *See Id.* at ¶ 11.

4. The LELINTA and SAYFUT trademarks are distinctive and identify the merchandise as goods from Plaintiff. The registration for the LELINTA and SAYFUT trademarks constitutes prima facie evidence of validity and of Plaintiff's exclusive right to use the LELINTA and SAYFUT trademarks pursuant to 15 U.S.C. § 1057 (b). *See Id.* at ¶ 12.

5. The Defendant has created a Walmart.com seller account and designed it to appear to be selling genuine Plaintiff products, while selling counterfeit versions of Plaintiff's products. They share several distinct and unique features such as usage of the trademarked names in the item listings and product descriptions. This establishes a logical relationship between them suggesting that Defendant's illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. *See Id.* at ¶ 12.

6. Defendant is an entity and/or individual who, upon information and belief, resides in the People's Republic of China or other foreign jurisdictions. Defendant conducts business throughout the United States, including within Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces operating under the Walmart brand. Defendant targets the United States, including Illinois, and has offered to sell and, on evidence, has sold and continues to sell counterfeit LELINTA and SAYFUT products to consumers within the United States, including Illinois and in this Judicial District. *See Id.* at ¶ 14.

7. The success of the LELINTA and SAYFUT brands have resulted in their counterfeiting. The Plaintiff has identified various products on Walmart.com, including from the

Defendant as presented, which were offered, and continue to be offered, for sale, and import. Defendant counterfeits LELINTA and SAYFUT products and offer them to consumers in this Judicial District and throughout the United States. *See Id.* at ¶ 15.

8. Plaintiff has not licensed or authorized the Defendant to use its LELINTA or SAYFUT trademarks, and the Defendant is not an authorized retailer of genuine LELINTA or SAYFUT products. *See Id.* at ¶ 13.

9. Defendant goes to great lengths to conceal their identities and often use multiple fictitious names and contact information to register and operate their massive network of Walmart.com Stores. For example, Defendant uses the Walmart.com platform as it conceals the owners' identity and contact information. Upon information and belief, the Defendant regularly create new marketplace accounts in order to avoid efforts by trademark owners to stop Defendant's counterfeiting. Defendant engages in these tactics to conceal their identities, the full scope and interworking of their massive counterfeiting operation, and to avoid being shut down. *See Id.* at ¶ 17.

10. In addition to operating under multiple fictitious names, Defendant in this case and defendants in other online counterfeiting cases use a variety of methods to evade enforcement efforts including simply registering new online marketplace accounts once they receive notice of a lawsuit and operating multiple credit card merchant accounts to evade collection efforts by Plaintiffs armed with enforceable judgments. Upon information and belief, Defendant maintains off-shore bank accounts and regularly move funds from their online money accounts, in this case the Walmart-partnered Payoneer Inc., to off-shore bank accounts outside the jurisdiction of this Court. *See Id.* at ¶ 17.

11. Further, counterfeiters such as the Defendant typically operate multiple credit card merchant accounts and Payoneer, PayPal, or other money accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts. Upon information and belief, the Defendant maintain off-shore bank accounts and regularly move funds from their money accounts to off-shore bank accounts outside the jurisdiction of this Court. *See Id.* at ¶ 17.

12. The Defendant, without any authorization or license from Plaintiff, knowingly and willfully used the LELINTA and SAYFUT trademarks in connection with the advertisement, distribution, offering for sale, and sale of counterfeit LELINTA and SAYFUT products into the United States and Illinois over the internet. The Defendant internet store offers shipping to the United States, including Illinois, and has, in fact, sold the products during the course of Plaintiff's preliminary investigations. *See* Motion for Temporary Restraining Order at Exhibit A-4 (Dkt. No. 9, Att. #6).

13. Defendant's use of the LELINTA and SAYFUT trademarks in connection with the advertising, distribution, offering for sale, and sale of counterfeit LELINTA and SAYFUT products, including the sale of counterfeit LELINTA and SAYFUT products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff. *See* Amended Complaint at ¶ 19 (Dkt. No. 7).

14. On November 13, 2018, Plaintiff filed its Original Complaint (Dkt. No. 1) and on November 14, 2018, Plaintiff filed its Amended Complaint (Dkt. No. 7).

15. On November 14, 2018, Plaintiff filed its *Ex Parte* Motion for Entry of a Temporary Restraining Order (Dkt. No. 9) and Motion for Alternative Service (Dkt. No. 12).

16. On November 16, 2018, this Court granted Plaintiff's Motion for Alternative Service and Sealed Temporary Restraining Order (Dkt. No. 14).

17. On December 20, 2018, Plaintiff served the Defendant via email with copies of the Amended Complaint, Sealed Temporary Restraining Order, and Summons.

18. Defendant's answers or motions under Fed. R. Civ. P. 12 were, thus, due on January 11, 2019.

19. Defendant has failed to file an answer or otherwise respond within the time allotted by Fed. R. Civ. P. 12.

20. Defendant is not a minor or incompetent person.

21. Defendant is not in the U.S. military.

### III. ARGUMENT

#### a. Jurisdiction and Venue are Proper in this Court

This Court may properly exercise jurisdiction over Plaintiff's claims for trademark and copyright infringement as those matters arise under federal law as per 15 U.S.C. § 1051 *et seq.* and 28 U.S.C. §§ 1331 and 1338. In addition, this Court may properly exercise jurisdiction over Plaintiff's claims that arise under Illinois law pursuant to 28 U.S.C. § 1367, as those claims are so tied to Plaintiff's federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts. Additionally, venue is proper in this matter pursuant to 28 U.S.C. § 1391. Furthermore, this Court has personal jurisdiction over the Defendant since the Defendant is a foreign entity who has committed acts of infringement within this judicial district. *See* Amended Complaint at ¶ ¶ 3-5 (Dkt. No. 7).

#### b. Law Regarding Default Judgments

Federal Rule of Civil Procedure 55 "sets forth a two-step process for a party seeking default judgment." *NCAA v. Kizzang LLC*, 304 F. Supp. 3d 800, 804 (S.D. Ind. 2018) (*citing McCarthy v. Fuller*, 2009 U.S. Dist. LEXIS 100920, 2009 WL 3617740, *1 (S.D. Ind. 2009), *Lowe v. McGraw-Hill Companies, Inc.*, 361 F.3d 335, 339 (7th Cir. 2004)). "First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Second, after obtaining that entry, the plaintiff may seek an entry of default judgment." *NCAA*, 304 F. Supp. 3d at 805.

### c. Entry of Default is Proper

Federal Rule of Civil Procedure 55(a) governs the entry of default. Rule 55 states that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Although Rule 55(a)... refers to entry of default by the clerk, it is well-established that a default also may be entered by the court." *Deckers Outdoor Corp. v. Doe*, No. 11 C 10, 2011 U.S. Dist. LEXIS 119448, at *6 (N.D. Ill. 2011) (*citing Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982)). As shown above, Defendant's answers or responses under Fed. R. Civ. P. 12 were due no later than January 11, 2019. *See also* Decl. Linda Lei at ¶ 1(a), attached hereto as Exhibit A. This deadline has passed, and the Defendant has failed to file an answer or otherwise respond. Furthermore, the Defendant is a foreign entity residing in China and neither an infant, nor incompetent person requiring special service in accordance with Fed. R. Civ. P. 4(g), nor are they members of the armed services of the United States entitled to the protection of 50 U.S.C. App. Section 520. *Id.* at ¶ 1(b). As such, Plaintiff is entitled to an entry of default against the Defendant.

### d. A Default Judgment is Proper

"A default judgment establishes, as a matter of law, that Defendants are liable to Plaintiff on each cause of action alleged in the complaint." *Deckers*, 2011 U.S. Dist. LEXIS 119448, at *6 (*citing United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)). In addition, once the court "determines that a defendant is in default, the factual allegations of the Complaint - except those relating to damages - are taken as true and may not be challenged and the defendants are liable as a matter of law as to each cause of action alleged in the complaint." *Deckers*, 2011 U.S. Dist. LEXIS 119448 at *6 (*citing* Fed. R. Civ. P. 8(b)(6); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994)). No responsive pleadings have been filed in this matter making default judgment appropriate. Fed. R. Civ. P. 55(b)(2). The allegations of the Complaint are, therefore, taken as true. The Complaint alleges sufficient facts to establish the necessary elements of a claim under 15 U.S.C. §§ 1114, 1125(a), and 815 ILCS § 510, *et seq.*

Here, Plaintiff's factual allegations in the Amended Complaint establish the Defendant is liable to Plaintiff on each cause of action contained in the Amended Complaint. The Amended Complaint alleges that the Defendant has committed acts of trademark infringement and counterfeiting under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), and violation of the Illinois Uniform Deceptive Trade Practices Act 815 ILCS § 510, et seq. ("DTPA").

The Amended Complaint alleges that Plaintiff is the exclusive licensee of U.S. Trademark Registration No. 5,223,837 and 4,881,066 with all rights to enforce the LELINTA and SAYFUT trademarks. The registrations are valid, subsisting, and in full force and effect. Amended Complaint at ¶ 8. Plaintiff further alleges that it has used the LELINTA and SAYFUT marks continuously in commerce since at least August 2015 for use with its automotive products. *Id.* at ¶ 10. The Amended Complaint further alleges that the LELINTA and SAYFUT trademarks is distinctive and identifies the merchandise as goods from Plaintiff. The registration for the

LELINTA and SAYFUT trademarks constitutes prima facie evidence of validity and of Plaintiff's exclusive right to use the LELINTA and SAYFUT trademarks pursuant to 15 U.S.C. § 1057 (b)." *Id.* at ¶ 9. The Amended Complaint also shows that the Defendant has engaged in acts of counterfeiting and unfair competition by offering for sale counterfeit versions of Plaintiffs products using a spurious copy of Plaintiff's LELINTA and SAYFUT trademarks. *Id.* at ¶¶ 13-19.

As such, the allegations contained in the Amended Complaint, which must be taken as true due to Defendant's default under Fed. R. Civ. P. 55, are more than sufficient to establish that the Defendant is liable as a matter of law for each cause of action alleged in the Amended Complaint.

### e. A Permanent Injunction is Proper

To demonstrate entitlement to permanent injunctive relief, the movant must generally establish: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Am. Taxi Dispatch, Inc. v. Am. Metro Taxi & Limo Co.*, 582 F. Supp. 2d 999, 1005 (N.D. Ill. 2008), quoting *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 604 (7th Cir. 2007). As set forth below, permanent injunctive relief is appropriate here.

First, Plaintiff will be irreparably harmed because Defendant's actions, if allowed to persist, will continue to cause Plaintiff to suffer harm to its business reputation and harm to the Plaintiff's LELINTA and SAYFUT trademarks as Defendant introduces more and more infringing products into the marketplace causing, *inter alia*, significant customer confusion. *See* Amended Complaint at ¶¶ 18, 24, 30, and 34.

Defendant's counterfeit, infringing products, which carry Plaintiff's LELINTA and SAYFUT trademarks, cause consumer confusion, fail to meet the expectations of consumers and

cause devaluation of Plaintiff's brand and reputation, all of which irreparably harm Plaintiff. *Id.*; *Am. Taxi Dispatch, Inc.*, 582 F. Supp. 2d at 1005 ("The Seventh Circuit has 'clearly and repeatedly held that damage to a trademark holder's goodwill can constitute irreparable injury for which the trademark owner has no adequate legal remedy.'") (citation omitted); *Sprint Comm. Co. L.P. v. Chong*, No. 13- 38464, 2014 WL 6611484, at * 2 (S.D.N.Y. Nov. 21, 2014) ("permanent injunction was justified because the defendant's conduct has caused substantial and irreparable harm to Sprint, and will continue to cause substantial and irreparable harm to Sprint unless enjoined"). "[I]t is well-established in the Seventh Circuit that irreparable harm and inadequate remedy at law are presumed in trademark and trade dress infringement cases." *7-Eleven, Inc. v. Spear*, No. 10-CV-6697, 2011 WL 830069, at *6 (N.D. Ill. Mar. 3, 2011) (*quoting Dunkin' Donuts Franchised Restaurants LLC v. Elkhatib*, 2009 WL 2192753, at *4 (N.D. Ill. July 17, 2009)); *see also Eli Lilly & Co. v. Nat. Answers, Inc.*, 233 F.3d 456, 469 (7th Cir. 2000) ("Irreparable harm is generally presumed in cases of trademark infringement and dilution.") (*citing Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 16 (7th Cir. 1992)) (recognizing the "well-established presumption that injuries arising from Lanham Act violations are irreparable, even absent a showing of business loss").

  Second, there is no adequate remedy at law because absent permanent injunctive relief, Plaintiff would be forced to repeatedly file suit any time the Defendant—who has shown disregard for their legal obligations and the jurisdiction of this Court —infringe Plaintiff's trademark rights in the future. *See Kinsey v. Jambow, Ltd.*, 76 F. Supp. 3d 708, 714 (N.D. Ill. 2014) ("Without a permanent injunction, the defendant will likely continue their infringing conduct"); *Con't. Airlines, Inc. v. Intra Brokers, Inc.*, 24 F.3d 1099, 1104-05 (9th Cir. 1994) ("the multiplicity of suits necessary to be engendered if redress was sought at law, all establish the inadequacy of a

legal remedy and the necessity for the intervention of equity"). Plaintiff's lack of control over Defendant's unauthorized use of it trademark weighs in favor of granting permanent injunction. In sum, permanent injunctive relief is the only adequate remedy to prevent the continued threat of counterfeit and infringement.

Third, the balance of hardships weighs strongly in Plaintiff's favor as Plaintiff is threatened with significant irreparable injury if a permanent injunction is not issued. As explained in Plaintiff's Amended Complaint, Defendant's actions have resulted in irreparable harm to Plaintiff's reputation and goodwill. *See* Amended Complaint at ¶ 24. As a result, Plaintiff has lost, and continues to lose, potential consumers. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendant's unlawful activities. *Id*. at ¶ 35.

Fourth, the public will benefit from this injunction because the public interest is advanced by enforcing faithful compliance with the laws of the United States and the State of Illinois. A permanent injunction in this case is appropriate because the public interest lies in favor of upholding property interests in trademarks and preventing customer confusion. *Miyano Mach. USA, Inc. v. MiyanoHitec Mach., Inc.*, 576 F. Supp. 2d 868, 889 (N.D. Ill. 2008) ("the public interest is generally served by the enforcement of trademark laws as such laws prevent confusion among and deception of consumers;" granting injunction) (citation omitted); *Coach, Inc. v. 3D Designers Inspirations*, 70 F. Supp. 3d 942, 950 (C.D. Ill. 2014) (finding a permanent injunction will "not harm the public interest, but benefit the consuming public by eliminating deception as to the source and quality of products they buy from [the infringing party] and other potential [infringers] deterred by this order"); *Lettuce Entertain You Enterprises, Inc. v. Leila Sophia AR, LLC*, 703 F. Supp. 2d 777, 791 (N.D. Ill. 2010) ("Enforcement of trademark law serves the public interest by reducing consumer confusion") (citation omitted); *Davidoff & Cie. S.A. v. PLD Int'l*

*Corp.*, 263 F.3d 1297, 1304 (11th Cir. 2001) (holding a permanent injunction "is not adverse to the public interest, because the public interest is served by preventing consumer confusion in the marketplace."); *Two Men and a Truck Int'l, Inc. v. Two Men and a Truck Kalamazoo, Inc.*, No. 94-162, 1995 WL 549278, at *6 (W.D. Mich. July 24, 1995) (granting injunction and explaining that "[i]f defendants are permitted to continue using the mark, the public will become confused about where to go for the consistent standard and for assistance in the event of problems.") Here, there is no public interest in the improper and fraudulent sale of counterfeit and infringing products to the detriment of Plaintiff's dealers, retailers and consumers. To the contrary, the public has a strong interest in obtaining legitimate, non-counterfeit products for their needs, as opposed to the un-warrantied, unauthorized, and illicit products being trafficked by the Defendant.

### f. Plaintiff is Entitled to Statutory Damages

Plaintiff is entitled to statutory damages of no less than $100,000 for each mark as per 15 U.S.C. § 1117(c)(2) for Defendant's acts of willful infringement of the LELINTA and SAYFUT trademarks. Under 15 U.S.C. § 1117(c) provides that "plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits . . . an award of statutory damages". 15 U.S.C. § 1117(c). In cases of counterfeiting, plaintiffs are entitled to statutory damages of "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold". *Id.* at § 1117(c)(1). In the event that "the court finds that the use of the counterfeit mark was willful" plaintiffs are entitled to "not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." *Id.* at § 1117(c)(2). Willful infringement "may be attributed to the defendant's actions where he had knowledge that his conduct constituted infringement or where he showed a reckless disregard for the owner's rights." *Deckers*, 2011 U.S. Dist. LEXIS 119448, at *11 (*quoting Lorillard*

*Tobacco Co. v. S&M Cent. Service Corp.*, No. 03 C 4986, 2004 U.S. Dist. LEXIS 22563, 2004 WL 2534378, *7 (N.D. Ill. Nov. 8, 2004). Furthermore, knowledge may be inferred based on Defendant's conduct. *Id.*

### 1. Defendant's Conduct was willful

Here, Plaintiff's Amended Complaint alleges that "Defendant's activities constitute willful trademark infringement and counterfeiting under . . . 15 U.S.C. § 1114." Amended Complaint at ¶ 24. Furthermore, the Amended Complaint alleges that "Defendant, without any authorization or license from Plaintiff, has knowingly and willfully used and continues to use the LELINTA and SAYFUT trademarks in connection with the advertisement, distribution, offering for sale, and sale of counterfeit LELINTA and SAYFUT products into the United States and Illinois over the Internet." *Id.* at ¶ 18. In addition, the Amended Complaint, through the attached Declaration of Linda Lei, conclusively shows that the Defendant willfully copied images and listings from Plaintiff's Amazon.com storefront, including using copies of images showing Plaintiff's products and trademarks. *See* Motion for Temporary Restraining Order, Ex. A-4 and Ex. A-5. Copy of image reproduced below.



Motion for Temporary Restraining Order, Ex. A-4 (Showing Plaintiff's Walmart.com webstore)

As shown in the outlined portions of the above image, Defendant has captured and used product images from Plaintiff's Walmart.com website. Defendant, thus, had clear knowledge of Plaintiff's trademark and products, and willfully engaged in acts of counterfeiting Plaintiff's trademark.

**2. Statutory Damages in the Amount of $100,000 per Defendant are Appropriate**

The Lanham Act sets a broad range for statutory damages for willful counterfeiting and provides no guidance as to determining the actual damages award. *See* 15 U.S.C. § 1117(c)(2). "Courts assessing statutory damages under § 1117(c) have looked to case law applying the statutory damage provision of the Copyright Act, 17 U.S.C. § 504(c), for guidance." *Deckers*, 2011 U.S. Dist. LEXIS at * 13. The Seventh Circuit held that a court awarding statutory damages is "not

required to follow any rigid formula but instead enjoys wide discretion." *Id.* The purpose of damages under § 1117(c) are to "ensure that the guilty party will not return to its former ways and once again pollute the marketplace" and the damage should be sufficient to provide a deterrent. *Sands, Taylor & Wood v. Quaker Oats Co.*, 34 F.3d 1340, 1348 (7th Cir. 1994).

Here, Defendant is operating in China, and has undertaken steps to hide their identities and avoid enforcement of Plaintiff's trademark rights. *See* Amended Complaint at ¶ ¶ 8 and 14. As such, an award of $100,000 per mark is necessary to ensure that Defendant will not continue to engage in such acts

Furthermore, courts in this District have found awards of as much as $750,000 per defendant to be justified in similar circumstances. *The Gen. Council of the Assemblies of God v. The Ranger Supply Store, Inc. et al.*, No. 10 C 07050 (N.D. Ill. June 29, 2011); *see also Deckers*, 2011 U.S. Dist. LEXIS 119448, at *14. As such, an award of $100,000 per mark is justified in this matter.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter default judgment against the Defendant and enter Plaintiff's proposed default judgment order.

DATED January 17, 2018　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Ge (Linda) Lei*_____
　　　　　　　　　　　　　　　　　　　Ge (Linda) Lei
　　　　　　　　　　　　　　　　　　　203 N. LaSalle St., Suite 2100
　　　　　　　　　　　　　　　　　　　Chicago, IL 60601
　　　　　　　　　　　　　　　　　　　Linda.lei@getechlaw.com
　　　　　　　　　　　　　　　　　　　312-888-6633

　　　　　　　　　　　　　　　　　　　*ATTORNEY FOR PLAINTIFF Zhi Hu*

**Zhi Hu v. The Partnership or Unincorporated Association Identified on Schedule "A"**

# Schedule A

| Defendant Name / Alias | Defendant Marketplace URL |
|---|---|
| Active Athlete Inc | https://www.walmart.com/reviews/seller/18647 |

## CERTIFICATE OF SERVICE

As per Local Rule 5.5(a)(1) of the Northern District of Illinois, I hereby certify that on January 17, 2019, I will serve copies of the foregoing upon the Defendant at the email address identified in Plaintiff's Sealed Temporary Restraining Order (Dkt. No. 19) or those email addresses identified by third parties, as per this Court's order authorizing alternative service (Dkt. No. 12).

*/s/ Ge (Linda) Lei*
Ge (Linda) Lei

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the _19_ day of January 2019, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will send an e-mail to the e-mail addresses identified in the Motion for Alternative Service (Dkt. No. 12), the Summons, and any e-mail addresses provided for the Defendant by third parties.

                                    */s/ Ge (Linda) Lei* _____
                                    Ge (Linda) Lei
                                    203 N. LaSalle St., Suite 2100
                                    Chicago, IL 60601
                                    Linda.lei@getechlaw.com
                                    312-888-6633

                                    *ATTORNEY FOR PLAINTIFF Zhi Hu*